LABORDE, Judge.
Plaintiff, Hazel McMahan was injured when the rented Ford LTD she was driving plowed into the back of a van driven by Velula Marshall which was stalled on Interstate 10 near Jennings. Marshall had initially stopped her van because wreckage from a prior accident, which had occurred 3-5 minutes before this one, blocked her lane of travel. Plaintiff filed suit against Marshall and her insurer, Allstate Insurance Company. That claim, however, is not the subject that now concerns us. Plaintiff further sued Gloria Reynolds as Administratrix of the Estate of Wilbert L. Reynolds,[1] State Farm Mutual Automobile Insurance Company,[2] Norman G. Gebhardt,[3] Robert P. Tassin,[4] and Chicago Insurance Company.[5] With the exception of Marshall and her insurer, all of the defendants were dismissed by the trial court by summary judgment. Plaintiff appeals those rulings, but we affirm.
FACTS
On April 9, 1986 at about 8:30 p.m., two separate automobile accidents occurred in the westbound lanes of Interstate 10 near Jennings. Due to a tire blowout, Norman Gebhardt had pulled his 18-wheeler onto the shoulder of Interstate 10. After remedying the situation, Gebhardt attempted to steer his truck back onto the roadway. Ge-bhardt had his turn signal on and two vehicles switched from the right lane to the left to allow him access to the road. A third, faster-moving vehicle, driven by Wilbert Reynolds, was travelling in the same left lane into which these vehicles steered. Not realizing that Gebhardt had only accelerated to 35 m.p.h., Reynolds quickly switched into the right lane to avoid a collision with the other cars. Instead Reynolds rear ended Gebhardt’s 18-wheel-er.
After the accident, the two vehicles came to rest in positions that blocked the right lane and possibly part of the left lane of traffic; however, several cars passed on the left without much difficulty. Several cars and trucks stopped to attempt to render assistance. Some time afterwards, the *62 van driven by Velula Marshall approached the scene in the right lane. Marshall saw the accident, stopped, and turned off the van’s engine, apparently attempting to see if she could be of assistance. Marshall tried, but was unable to restart her van.[6] Some cars (at least two) were forced to change lanes to pass the stalled van. Next (about three-five minutes after the first accident) plaintiff’s car proceeded down Interstate 10 at 55 m.p.h. and ran into the back of Marshall’s van. Plaintiff claims that she did not see the van until it was too late, although she does say that all of the stopped cars caused the scene to look like she was “driving up on a parking lot.” Plaintiff suffered facial lacerations and a broken leg. She filed suit against the multitude of defendants previously listed. Again we must point out that plaintiff’s claim against Velula Marshall is not what concerns us today. We only consider the dismissal of her claims against the parties involved in the initial accident.
SUMMARY JUDGMENT
La.C.C.P. art. 966 provides that a motion for summary judgment shall be granted when there is no genuine issue of material fact and the party filing the motion is entitled to judgment as a matter of law. In the present matter, the trial court considered the affidavits, depositions, and pleadings and found that there was no issue of material fact as to the liability of any of the defendants involved in the first accident to the present plaintiff. In her brief, plaintiff shows that there are factual disputes as to the negligence of Norman Gebhardt (whether he kept a proper lookout before turning onto the Interstate, whether he had gained sufficient speed to attempt to re-enter the Interstate, etc.) in causing the first accident. Plaintiff also displays that there are factual disputes as to the negligence of Wilbert Reynolds (whether he was speeding, whether he was attempting a passing maneuver in the right lane, etc.) in causing the first accident. What plaintiff has failed to show is any issue of material fact concerning Ge-bhardt’s, Reynold’s, and the other defendants’ negligence in causing plaintiff to crash into Marshall’s van.
We hold that the trial court’s finding that the initial accident was not a legal cause of plaintiff’s subsequent accident is not manifestly erroneous. The trial court properly dismissed Gebhardt, Gloria Reynolds, State Farm, Tassin, and Chicago Insurance by summary judgment because as a matter of law, they did not cause the subsequent accident. We affirm that decision at plaintiff's costs.
AFFIRMED.

. Wilbert L. Reynolds was driving one of the vehicles involved in the initial accident. He along with his 9 year old son were killed in that accident.

. State Farm was the insurer of the vehicle driven by Wilbert Reynolds.

. Norman Gebhardt was the driver of the 18-wheel truck involved in the initial accident.

. Robert Tassin owned the 18-wheeler driven by Gebhardt.

. Chicago Insurance was the insurer of the vehicle owned by Tassin and driven by Gebhardt.

. There is some dispute as to whether Marshall or one of several other people in the van was the one to actually try to re-start the van. There is also a dispute as to whether Marshall turned off her lights. However, these facts do not concern us in the present matter.